**LIN MEI YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Respondent.**

**No. 07–1400–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 11, 2009.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Attorney General Michael Mukasey as the respondent in this case.

PRESENT: DENNIS JACOBS, Chief Judge, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Lin Mei Yang, a native and citizen of the People's Republic of China, seeks review of a March 26, 2007 order of the BIA affirming an order of Immigration Judge ("IJ") Helen Sichel, which denied Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Mei Yang*, No. A78 299 201 (B.I.A. Mar. 26, 2007), *aff'g* No. A78 299 201 (Immig. Ct. N.Y. City Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

Yang argued before the IJ that she left China because the government threatened to hold her "as a hostage" in place of her parents, who practice Falun Gong. The IJ and BIA concluded, *inter alia*, that Yang failed to establish a well-founded fear of future persecution because any detention would not be on account of a protected ground. Therefore, any such challenge has been abandoned. *See generally* 8 U.S.C. § 1101(a)(42)(A) (listing protected grounds). Furthermore, the BIA concluded that Yang had not shown that Chinese authorities would discover that she her self has practiced Falun Gong, as she only practiced for two weeks in China, did so only in the mountains, does not belong to any association or organization in the United States, and has not participated in any protests or demonstrations.

Yang does not argue that the Chinese government's threat to detain her (to flush her parents out of hiding) is on account of any protected ground. Nor does Yang argue that Chinese authorities have sought or are currently seeking to persecute her on account of any protected ground. Therefore any such challenge has been abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). To the extent Yang argues a fear of future persecution, the evidence in the record does not establish a "reasonable probability" that Chinese authorities are aware, or are likely to become aware, that she is a practitioner of Falun Gong. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142–43 (2d Cir.2008)("Put simply, to establish a well-founded fear of future persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities.").

We deem Yang's claim under the CAT abandoned because her brief merely enunciates the standard for CAT eligibility but fails to argue its application to her case. *See Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.